■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT SOTO, Appellant. [719 NYS2d 1] —Judgment, Supreme

Court, Bronx County (William Donnino, J.), rendered March 4, 1999, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly admitted testimony that, two weeks prior to his murder, the deceased pointed out defendant to the witness, his fiancée, and identified him as a person with whom he had been involved in an argument. As the court carefully instructed the jury, this evidence was not received to prove the truth of the matter asserted, but rather to show the effect it had on the ability of the witness to accurately identify defendant (*see, People v Haywood*, 264 AD2d 633, *lv denied* 94 NY2d 863; *People v Gonzalez*, 223 AD2d 653, *lv denied* 88 NY2d 848).

Defendant's claim that certain testimony that had been precluded by the court was introduced nonetheless is unavailing because it rests upon an error in the trial transcript. During jury deliberations this issue came to the attention of the court, which subsequently conducted an inquiry of the court reporter and found the typed transcript to be in error. Defendant expressly waived any objection to this determination. In any event, we conclude that the People have rebutted the presumption of regularity and that the court's determination was correct (*see, People v Childs*, 247 AD2d 319, *lv denied* 92 NY2d 849). Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.